IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Steven F. Murphy, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Worlds of Fun, LLC, et al., )<br>)<br>Defendants ) | Case No. 4:20-cv-00633 |

## SUGGESTIONS IN SUPPORT OF DEFENDANTS'
## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Worlds of Fun, LLC, Cedar Fair, L.P., Millennium Operations, LLC., and Magnum Management Corporation Ohio (collectively "Defendants") submit these Suggestions in Support of their contemporaneously filed Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Motion"). Plaintiff's Complaint fails to state claims upon which relief can be granted.

# Table of Contents

TABLE OF AUTHORITIES ........................................................................................................ 3
I.     INTRODUCTION ............................................................................................................ 5
II.    STATEMENT OF THE CASE......................................................................................... 6
III.   LAW AND ANALYSIS ................................................................................................. 11
IV.   CONCLUSION............................................................................................................... 14

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Anderson v. Durham D&M, L.L.C.*,
  606 F.3d 513 (8th Cir. 2010)...................................................................................... 9
*Birchem v. Knights of Columbus*,
  116 F.3d 310 (8th Cir. 1997)................................................................................... 4, 12
*Dring v. McDonnell Douglas Corp.*,
  58 F.3d 1323 (8th Cir. 1995)..................................................................................... 10
*Faibisch v. Univ. of Minn.*,
  304 F.3d 797 (8th Cir. 2002).................................................................................. 7, 10
*Henderson v. Ford Motor Co.*,
  403 F.3d 1026 (8th Cir. 2005)..................................................................................... 9
*Hutson v. Wells Dairy, Inc.*,
  578 F.3d 823 (8th Cir. 2009)..................................................................................... 10
*Lehman v. UPS*,
  443 F. Supp. 2d 1146 (W.D. Mo. 2006)...................................................................... 9
*National Car Rental v. Computer Associates*,
  991 F.2d 426 (8th Cir.)............................................................................................... 13
*Palmer v. Ark. Council on Econ. Educ.*,
  154 F.3d 892 (8th Cir. 1998)................................................................................. 4, 12
*Piper Jaffray Cos. v. National Union Fire Ins. Co.*,
  967 F. Supp. 1148 (D. Minn. 1997) ................................................................. 5, 6, 13
*Porous Media Corp. v. Pall Corp.*,
  186 F.3d 1077 (8th Cir. 1999).................................................................................. 5, 7
*Vizenor v. Babbitt*,
  927 F. Supp. 1193 (D. Minn. 1996) .......................................................................... 12

Statutes

29 U.S.C. § 626(d) (ADEA) ............................................................................................ 10
29 USCS §§ 623-634 ......................................................................................................... 3
42 U.S.C. § 2000e-5.......................................................................................................... 10
42 U.S.C. § 12117 (1994) ................................................................................................ 10
42 USCS § 12101................................................................................................................ 3

Rules

Fed Rules Civ Proc R 6(a)(1)........................................................................................... 10
Rule 12(c) of the Federal Rules of Civil Procedure..................................................... 1, 7

Other Authorities

*Birts v. St. Jude's (Med.)*, No. 18-cv-2316 (NEB/HB),

   2018 U.S. Dist. LEXIS 220539, at *14 (D. Minn. 2018)*Birts v. St. Jude's (Med.)*, No. 18-cv-
     2316 (NEB/HB), 2018 U.S. Dist. LEXIS 220539, at *14 (D. Minn. 2018) ........................... 10
*E. Coast Test Prep LLC v. Allnurses.com, Inc.,* No. 15-3705 (JRT/JSM),
   2016 U.S. Dist. LEXIS 127532, at *2 (D. Minn. 2016)*E. Coast Test Prep LLC v.
    *Allnurses.com, Inc.,* No. 15-3705 (JRT/JSM), 2016 U.S. Dist. LEXIS 127532, at *2 (D.
    Minn. 2016) ................................................................................................................................ 12
*Hopkins v. Autozone, Inc.*, Nos. 98-3882, 98-4045,
   1999 U.S. App. LEXIS 9071, at *2 (7th Cir. 1999)*Hopkins v. Autozone, Inc.*, Nos. 98-3882,
    98-4045, 1999 U.S. App. LEXIS 9071, at *2 (7th Cir. 1999) ................................................. 11
*Kalberer v. Star Tribune & Teamsters Local 120*, No. 12-814 (RHK/JSM),
   2012 U.S. Dist. LEXIS 124768, at *7 (D. Minn. 2012)*Kalberer v. Star Tribune & Teamsters
    Local 120*, No. 12-814 (RHK/JSM), 2012 U.S. Dist. LEXIS 124768, at *7 (D. Minn. 2012)
    ................................................................................................................................................. 11
*Qu v. Bd. of Regents of the Univ. of Minn.*, No. 08-1843 (RHK/JSM),
   2009 U.S. Dist. LEXIS 79076, at 4 (D. Minn. 2009)*Qu v. Bd. of Regents of the Univ. of Minn.*,
    No. 08-1843 (RHK/JSM), 2009 U.S. Dist. LEXIS 79076, at 4 (D. Minn. 2009) .................... 11
RHK/JSM),
   2012 U.S. Dist. LEXIS 124768, at *7 (D. Minn. 2012)RHK/JSM), 2012 U.S. Dist. LEXIS
    124768, at *7 (D. Minn. 2012) ............................................................................................... 11
*Wallendorf v. Union Elec. Co.*, No. 10-4065-CV-C-NKL,
   2010 U.S. Dist. LEXIS 51724, at *2 (W.D. Mo. 2010)*Wallendorf v. Union Elec. Co.*, No. 10-
    4065-CV-C-NKL, 2010 U.S. Dist. LEXIS 51724, at *2 (W.D. Mo. 2010) ............................. 7

## I. INTRODUCTION

This case arises from a Complaint filed by Plaintiff, Steven Murphy, against Defendants, Worlds of Fun, LLC, Cedar Fair, L.P., Millennium Operations, LLC., and Magnum Management Corporation Ohio, purportedly arising from Plaintiff's time as an employee of Worlds of Fun Amusement Park in Kansas City, Missouri. Plaintiff generally alleges he was discriminated against on the basis of his age and disability, in violation of the Americans with Disabilities Act (42 USCS § 12101) ("ADA"), and the Age Discrimination in Employment Act (29 USCS §§ 623-634) ("ADEA"). *See* Plaintiff's Complaint at ¶¶ 22-24, and Plaintiff's Complaint, Exhibit 5, Doc #1.

Notwithstanding Plaintiff's allegations, Plaintiff's action is time-barred and should be properly dismissed by this Honorable Court. By Plaintiff's own admissions, his employment relationship with Defendant "ended on September 4th, 2018, with a decision not to continue forward with Haunt." *See* Defendant's Answer, at Exhibit A, Doc #19. Plaintiff had three hundred (300) days to timely file a Charge of Discrimination with the EEOC and one hundred-eighty days (180) to file with the Missouri Commission on Human Rights, yet he failed to timely file his claims. Under the two-prong framework for exhaustion of administrative remedies, any and all claims which purportedly arose from Plaintiff's employment fail as a matter of law—a fact already recognized by the Missouri Commission on Human Rights. *See* Defendant's Answer, at Exhibit B.

Furthermore, to the extent Plaintiff claims he was discriminated against after the final day of his employment on September 4th, 2018, his arguments are similarly unavailing. It is beyond dispute that there was no employment relationship between the parties after September 4th, 2018. In the absence of an employment relationship, Plaintiff's claims under the ADA and ADEA cannot

stand. Indeed, it is a threshold requirement to impose liability under the ADEA and/or the ADA that an employment relationship must exist between the plaintiff and the defendant. See *Palmer v. Ark. Council on Econ. Educ.,* 154 F.3d 892, 895 (8th Cir. 1998) (addressing ADEA claims) and *Birchem v. Knights of Columbus*, 116 F.3d 310, 312 (8th Cir. 1997) (addressing Title I ADA claims). Therefore, the lack of an employment relationship at the time of the alleged discriminatory acts precludes a claim as a matter of law.

In light of the foregoing, and even when construing all material allegations in favor of the non-moving party, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendants are entitled to judgment on the pleadings and the Plaintiff's Complaint should be properly dismissed in its entirety.

## II. STATEMENT OF THE CASE

By way of background, Plaintiff first began employment at Oceans of Fun Waterpark, Inc., (the waterpark division within Wolds of Fun Amusement Park's) in June of 2015. *See* Plaintiff's Complaint, at ¶15. As it is commonly known throughout Missouri, both the waterpark and amusement park generally open in the spring each year, and close in the fall, with the amusement park remaining open more days during October for the annual Halloween Haunt. Plaintiff spent several years as a seasonal employee At Oceans of Fun. In the summer of 2018, Plaintiff served a seasonal employee with the title of Aquatic Supervisor and Lifeguard Instructor. *See* Plaintiff's Complaint, Exhibit 5. At the end of the 2018 season, Plaintiff was given the opportunity to continue his employment into the fall for the Halloween Haunt.[1] *See* Defendant's Answer, at Exhibit A. **On September 4th, 2018 Plaintiff declined the offer and voluntarily resigned from**

---

[1] A Court generally must ignore materials outside the pleadings, but it may also consider materials that are "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), citing to *Piper Jaffray Cos. v. National Union Fire Ins. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997)

**his at-will employment with Defendants**. *Id.* Thereafter, Plaintiff confirmed his voluntary resignation from his position on September 25, 2018 when he sent what can only be described as a "farewell letter" to Defendants, reiterating that his employment terminated on September 4, 2018. The letter, titled "*A performance evaluation worth sharing*" reads, in pertinent part:

> I hope this finds you enjoying your first season of Halloween Haunt. I have fond memories of the park as she transitions from summer green to autumn golds, yellows, and browns.
>
> A few days ago I was contacted by a Surf City Wave Pool Lead, Lauren Desautels, with a discussion prompt from her online aging and lifespan course. The PDF file she shared was humbling.
>
> I have decided to share it with you not for my benefit, **my term of employment ended on September 4, 2018, with a decision not to continue forward with Haunt**…
>
> …
>
> Thank you for all that you have done for me since our first meeting back in January 2018. I wish we had an opportunity to speak more often under more positive circumstances.
>
> **I remain, forever, an alumni of Worlds of Fun and Oceans of Fun.**

*Id.* (emphasis added) On its face, in plain and unambiguous language, the farewell letter (1) acknowledges that Haunt had already begun, (2) that Plaintiff turned down the opportunity to continue his employment, (3) that Plaintiff formally ended his employment on September 4, 2018, and (4) that Plaintiff considered himself, "forever", an "alumni" of the park. *Id.*

On July 3, 2019, Plaintiff, through counsel, filed a Charge of Discrimination (the "Charge") with the Missouri Commission on Human Rights and the EEOC, alleging discrimination. *See* Plaintiff's Complaint, Exhibit #5. Based on the date of Plaintiff's resignation—September 4, 2018—if Plaintiff wished to bring a Charge of Discrimination against Defendants arising from his employment, he had to do so by July 2, 2019 with the EEOC (300 days). The deadline for a Missouri Commission on Human Rights claim is only 180 days and deadline for such a claim had

7

Case 4:20-cv-00633-GAF    Document 22    Filed 12/18/20    Page 7 of 15

long since passed. Thus, even a cursory facial review of Plaintiff's Charge, revealed it was untimely filed.[2]

Despite the fact that Plaintiff resigned on September 4, 2018, his Charge attempted to re-cast his seasonal term of employment followed by a September as extending through January of 2019. In doing so, Plaintiff included a number of allegations that bear no logical relationship to an employment relationship or his employment relationship, in an attempt to create an illusion of support for the fact that his seasonal employment somehow continued until January of 2019. By his own admissions, it did not. Although Plaintiff's allegations about "conditional rehire status" are novel, they do not give rise to a plausible claim for relief. *See* Complaint at Exhibit #5. Indeed, the novel allegations contained in the pleading cannot contradict the clear and unequivocal voluntary resignation of Plaintiff that occurred on September 4, 2018. However, it is not plausible for Plaintiff to contend or allege that he was constructively terminated from his employment in January of 2019 when, by his own admissions in the resignation farewell letter, he voluntary resigned from his employment effective September 4, 2018. The allegations are not plausible and need not be accepted as true by this Court.

As further support for this analysis, a review of Plaintiff's Charge before the Missouri Commission on Human Rights reveals that the Commission determined it lacked jurisdiction over the matter because the Charge had not been timely filed.[3] *See* Defendant's Answer, Exhibit B at 4. Specifically, the Commission held:

> Complainant filed his complaint on July 3, 2019 alleging age, disability, and retaliatory discrimination. **Complainant was a seasonal employee, working his last day on**

---

[2] Plaintiff's Charge of Discrimination was untimely filed under either the EEOC or the MCHR framework.
[3] When deciding Rule 12(c) motions, courts may rely on matters within the public record. See *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802 (8th Cir. 2002), citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) *See also Wallendorf v. Union Elec. Co.*, No. 10-4065-CV-C-NKL, 2010 U.S. Dist. LEXIS 51724, at *2 (W.D. Mo. 2010) (Where the Court stated it may consider extraneous documents, such as documents in the EEOC charges, submitted by the Defendant, because the documents are a part of the public record, and therefore the Court not required to convert the motion to dismiss to a motion for summary judgment.)

> **September 4, 2018….**.Although Complainant asserts he resigned or was constructively discharged on January 14, **the evidence supports he was not a current employee and did not reapply**.

*Id.* (emphasis added).

Based upon these findings, the Commission's investigation was terminated and no right to sue letter was issued by the Missouri Commission. *Id.* The Missouri Commission then forwarded the matter to the EEOC for consideration. *Id.* Plaintiff subsequently requested a Right to Sue Letter (On Demand), thereby terminating the EEOC's proceedings. *See* Plaintiff's Complaint, Exhibit #6.

Undeterred by the Commission's findings—and his own resignation letter—Plaintiff then filed the instant Complaint. In an apparent attempt to circumvent the legal effect of his September 4, 2018 resignation and survive dismissal, Plaintiff's Complaint contains similar, albeit more detailed and misleading, allegations regarding the purported discriminatory conduct which Plaintiff alleges began in 2019. To that end, Plaintiff now contends that in January 2019 he was discriminated against while attending an *independent training class* at Ellis and Associates International Aquatic Safety School. *See* Plaintiff's Complaint, at ¶22(i). Additionally, Plaintiff alleges he was designated a "conditional rehire for the 2019 Season" and was also purportedly denied full access to a training portal following his voluntary resignation. *See* Complaint at Exhibit #5. Again, although these allegations do not alter the indisputable facts in this case that Plaintiff clearly and unequivocally resigned on September 4, 2018, Plaintiff now seems to contend he somehow remained an employee with Oceans of Fun, even after stating he was "forever, an alumni" of the park. The fact of the matter is that it is inescapable that Plaintiff lacked an employment relationship with Defendants after his voluntary resignation on September 4, 2018.

To resolve any doubt, the Court should take notice of the fact that Defendants were not involved in the Ellis and Associates training referenced in the Complaint as "a career development event which he was attending at his own expense" at which "one of Melanie Scholz's peers, who was one of Plaintiff's instructors, Tracey Nefford, regularly clapped his hands in Plaintiff's face as a way of getting his attention," noting that "Tracey Nefford is also a current Cedar Fair employee as part of their acquisition of Schlitterbahn properties." In fact, other than referencing the event, Plaintiff does not try to connect those general allegations to his term of employment or any employment requirement. There is no allegation that any Defendant sponsored the career development event or that Tracey Nefford was employed by any Defendant at the time the event occurred (because she was not).[4] Ultimately, Plaintiff's allegations are meant to create the illusion that Defendants had *something* to do with the alleged discrimination in 2019, despite the fact that Plaintiff voluntarily resigned from his employment on September 4, 2018.

Defendants now move for judgment on the pleadings on the grounds that Plaintiff failed to exhaust administrative remedies by failing to timely file a charge with the Missouri Commission on Human Rights and the EEOC. It is not subject to dispute that all of Plaintiff's allegations regarding discrimination, which are even conceivably attributable to Defendants, purportedly occurred "during the 2018 year through the end of his employment…". *See* Complaint at ¶¶ 22-25. Because Plaintiff voluntarily resigned on September 4, 2018 and did not file his Charge until July 3, 2019—301 days after the alleged adverse employment action—his action is untimely. And, to the extent Plaintiff tries to create an inference of discrimination after September 4, 2018, his claims fail as a matter of law for lack of an employment relationship. Clever pleading cannot give

---

[4] Although Plaintiff is correct that Schlitterbahn was eventually acquired by Cedar Fair, Plaintiff neglected to mention that this was not until June/July of 2019, over six months after the alleged conduct at issue. As a publicly traded company, Cedar Fair's acquisition of Schlitterbahn is a matter of public record which this Court may also consider for purposes of this Motion for Judgment on the Pleadings, without transforming it into a Motion for Summary Judgment.

rise to an employment relationship nor can it correct his failure to timely assert his claims with the Missouri Commission on Human Rights and the EEOC. Therefore, Plaintiff's claims are time-barred and should be properly dismissed.

### III. LAW AND ANALYSIS

**A. Plaintiff failed to file exhaust administrative remedies required under the ADA and ADEA, thereby discriminatory allegations are time-barred.**

As a "condition precedent" to maintain an action under the ADA, a plaintiff must first exhaust administrative remedies, by timely filing a charge of discrimination. *See Lehman v. UPS*, 443 F. Supp. 2d 1146, 1148 (W.D. Mo. 2006), citing to *Henderson v. Ford Motor Co.,* 403 F.3d 1026, 1032 (8th Cir. 2005) Similarly, to maintain an action under the ADEA, a plaintiff also must exhaust the administrative remedies as a "condition precedent" to filing an action for age discrimination. *Anderson v. Durham D&M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). Exhaustion of administrative remedies is a two-step process; "the timely filing of a charge", and the "receipt of a right-to-sue letter." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002).

To "timely file" in a deferral state such as Missouri, a Plaintiff must file a claim with either; the state agency (here, the Missouri Commission on Human Rights) within 180 days, or alternatively with the EEOC within 300 days, of the alleged unlawful employment action. *See* 42 U.S.C. § 12117 (1994) (incorporating 42 U.S.C. § 2000e-5) (ADA); and *Dring v. McDonnell Douglas Corp.,* 58 F.3d 1323, 1327-28 (8th Cir. 1995); 29 U.S.C. § 626(d) (ADEA).

Here, Plaintiff first filed a charge of discrimination with the Missouri Commission on Human Rights on Wednesday July 3, 2019. *See* Plaintiff's Complaint, Exhibit #5. Consequently, any alleged discriminatory act or alleged unlawful conduct prior to Thursday September 5, 2018, cannot be deemed "timely filed". *See* Defendant's Reply, Exhibit C, and USCS Fed Rules Civ

11
Case 4:20-cv-00633-GAF   Document 22   Filed 12/18/20   Page 11 of 15

Proc R 6(a)(1)[5]. Plaintiff's last day of employment, by his own admission contained in his voluntary resignation, was September 4, 2018. *See* Defendant's Answer, Exhibit C. Although Plaintiff has included a litany of unrelated allegations to suggest his employment relationship extended to January 14, 2019, his voluntary resignation makes any such allegations implausible on their face. Plaintiff's allegations are directly contradicted by his "resignation farewell letter". Thus, it is beyond dispute that Plaintiff has failed to timely file his Charge of Discrimination. Accordingly, all claims asserted by the Plaintiff are <u>time-barred</u> by one day. *See Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009) (plaintiff's ADEA claim was dismissed as untimely where plaintiff filed 303 days after alleged discrimination); *Birts v. St. Jude's (Med.)*, No. 18-cv-2316 (NEB/HB), 2018 U.S. Dist. LEXIS 220539, at *14 (D. Minn. 2018) (Plaintiff's alleged age discrimination claim was filed 308 days following the alleged date, and the court held it was untimely); See also *Hopkins v. Autozone, Inc.*, Nos. 98-3882, 98-4045, 1999 U.S. App. LEXIS 9071, at *2 (7th Cir. 1999) (Where the Court affirmed dismissal of plaintiff's ADA claims because it was filed 301 days after termination of employment.)

The second step of the condition precedent, the right to sue letter, does not cure an untimely filing. *See Kalberer v. Star Tribune & Teamsters Local 120*, No. 12-814 (RHK/JSM), 2012 U.S. Dist. LEXIS 124768, at *7 (D. Minn. 2012). The right to sue letter "simply creates a *second additional* time limitation" to file a claim. *Id*. (emphasis on the original). Here, plaintiff received his "right to sue" letter from the EEOC, signed on May 11, 2020, and then filed the matter in federal court on August 8, 2020, eighty-nine (89) days later. See Plaintiff's Complaint, and Plaintiff's Complaint, Exhibit #6. However, what matters for purposes of timing, is when the

---

[5] USCS Fed Rules Civ Proc R 6(a)(1) "*Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

discrimination occurred, as compared to the charge filing. *Kalberer* No. 12-814 (RHK/JSM), 2012 U.S. Dist. LEXIS 124768, at *7 (D. Minn. 2012). Significantly, a right to sue letter "cannot transform untimely allegations into timely ones" *Id.* citing to *Qu v. Bd. of Regents of the Univ. of Minn.*, No. 08-1843 (RHK/JSM), 2009 U.S. Dist. LEXIS 79076, at 4 (D. Minn. 2009). Therefore, Plaintiff's compliance with the second step of the condition precedent is inconsequential. Plaintiff has failed to exhaust administrative remedies. As a result, his claims should be properly dismissed.

In light of the foregoing, and even when construing all material allegations in favor of the non-moving party, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendants are entitled to judgment on the pleadings and Plaintiff's Complaint should be dismissed in its entirety.

**B.     Plaintiff's claims must fail for lack of an employment relationship.**

To the extent Plaintiff claims he was discriminated against after the final day of his employment on September 4th, 2018, his arguments are unavailing. There was no employment relationship between the parties at any time after September 4, 2018. In the absence an employment relationship, Plaintiff's claims under the ADA and ADEA cannot stand. Indeed, to impose liability under the ADEA and/or the ADA, an employment relationship must exist between the plaintiff and the defendant. See *Palmer v. Ark. Council on Econ. Educ.,* 154 F.3d 892, 895 (8th Cir. 1998)(addressing ADEA claims) and *Birchem v. Knights of Columbus*, 116 F.3d 310, 312 (8th Cir. 1997)(addressing Title I ADA claims).

Given that Defendants did not have an employment relationship with Plaintiff at any time after September 4, 2018, they cannot be found liable under any theory of recovery in Plaintiff's Complaint. In light of the foregoing, and even when construing all material allegations in favor

13

of the non-moving party, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendants are entitled to judgment on the pleadings.

### C. Rule 12(c) Standard

Rule 12(c) of the Rules of Civil Procedure authorizes a party to file a motion for judgment on the pleadings after a complaint and an answer in a case have been filed. *See E. Coast Test Prep LLC v. Allnurses.com, Inc.,* No. 15-3705 (JRT/JSM), 2016 U.S. Dist. LEXIS 127532, at *2 (D. Minn. 2016). Specifically, the rule states, "[a]fter the pleadings are closed - but early enough not to delay trial - any party may move for judgment on the pleadings." Fed. Civ.R. 12(c).

Pleadings are to be construed by the Court "most favorable to the plaintiff, and its allegations taken as true." *Vizenor v. Babbitt*, 927 F. Supp. 1193, 1197 (D. Minn. 1996) However, unlike a motion to dismiss, the Courts "*may* consider extra-pleading material necessarily embraced by the pleadings, such as copies of the underlying complaints, the policies themselves, and all documents <u>they incorporate by reference</u>." *Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997) Accordingly, under Fed. Civ.R. 12(c), a defendant's motion should be granted if the court finds there are no material issues of fact, and it is entitled to judgement as a matter of law. *See National Car Rental v. Computer Associates*, 991 F.2d 426, 428 (8th Cir.), cert. denied, 510 U.S. 861, 126 L. Ed. 2d 136, 114 S. Ct. 176 (1993).

### IV. CONCLUSION

For the reasons set forth above, Defendants request this court grant their Motion for Judgment on the Pleadings, dismissing Plaintiffs' claims with prejudice.

Dated: December 18, 2020          Respectfully submitted,

                                       */s/ Rebecca Yocum*
                                       Rebecca Yocum (MO #31149)
                                       LATHROP GPM, LLP

2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2618
(816) 460-5657
E-Mail: Rebecca.yocum@lathropgpm.com

And

David R. Hudson (OH# 0084988)
(*Pro Hac Vice*)
REMINGER CO., L.PA.
One SeaGate, Suite 1600
Toledo, Ohio 43604
Phone (419) 254-1311
Fax (419) 243-7830
E-Mail: dhudson@reminger.com

And

Justin D. Harris (OH# 0078252)
(*Pro Hac Vice*)
REMINGER CO., L.P.A.
237 W. Washington Row, 2nd Floor
Sandusky, Ohio 44870
Phone: (419) 609-1311
Fax:   (419) 626-4805
E-Mail: jharris@reminger.com
*Counsel for Defendants*